## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| ALLEN S. STRATTON, | : | NO. 99-326 |
| Defendant. | : | |
| | : | |

### Memorandum and Order

YOHN, J.                                                    February 26, 2009

Defendant Allen S. Stratton has filed a motion for modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2).  Stratton seeks reduction of his sentence following Amendment 706 to the Sentencing Guidelines, which reduced the offense levels of crack-based offenses and was made retroactively applicable by Amendment 713, effective March 3, 2008.  U.S.S.G. Supp. to App'x C, Amend. 706, 711, 713.

The court must address whether such a reduction is justified in this case and, if so, the unsettled issue of what effect *United States v. Booker*, 543 U.S. 220 (2005), has on defendant's motion.  Specifically, the court must determine whether *Booker* authorizes the court to vary (*i.e.*, impose an out-of-guideline sentence as a variance) from the applicable amended Guidelines range when considering the amount of sentencing reduction warranted in this case.  The court concludes that Stratton is eligible for a sentencing reduction pursuant to § 3582(c)(2).  However, because the court concludes that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings where the original sentence was imposed prior to *Booker*, the court may not vary from the applicable amended Guidelines range, the limits of which are binding on the court.  The court will therefore allow defendant and the government to present evidence and argument as to the

amount of reduction warranted, within the limits of the amended Guidelines range.

## I.    Factual Background

On December 1, 2000, the court sentenced defendant Allen S. Stratton to 240 months' imprisonment, 8 years' supervised release, a $400 special assessment, and a $1,500 fine on three counts of distribution of crack cocaine within 1,000 feet of a school and one count of possession with intent to distribute crack cocaine within 1,000 feet of a school, all in violation of 21 U.S.C. § 860(a).[1]  (Sentencing Tr. 80:20-83:4, Dec. 1, 2000 (Doc. No. 81).)

Stratton sold crack cocaine to undercover police officers on three occasions.  This conduct occurred within 1,000 feet of a school.  Additionally, upon searching a house in which Stratton regularly dwelled (also within 1,000 feet of a school), police found drugs, drug paraphernalia, and cash.  While fleeing the police, Stratton threw money (including pre-recorded "buy" money) and a packet of marijuana onto the street.

Under the guidelines applicable to crack offenses, the offense level for Stratton's sentenced conduct would have been 32, calculated as follows: 26 pursuant to the drug quantity table in U.S.S.G. § 2D1.1(c), plus 2 pursuant to § 2D1.2(a)(1) because Stratton's conduct occurred near a school, plus 2 pursuant to § 2D1.1(b)(1) for possession of a firearm, plus 2 pursuant to § 3C1.1 for obstruction of justice.  If Stratton had not qualified as a career offender, his criminal history category would have been IV.  Under the Sentencing Commission's

_____

[1] In addition to the above listed counts, Stratton was also convicted of four additional counts: three counts of distribution of crack cocaine and one count of possession with intent to distribute crack cocaine, all in violation of 21 U.S.C. § 841(a)(1).  With the agreement of the government and defendant, the court did not sentence Stratton on these counts, as they were duplicative of the counts for which he was sentenced.  (Sentencing Tr. 62:21-64:3.)  Stratton was acquitted of two gun-related charges.

2

Sentencing Table, a 32-IV combination would have yielded a sentencing range of 168-210 months.  However, Stratton qualified as a career offender, so § 4B1.1 directed that his offense level and criminal history category be increased to 37-VI, which yielded a sentencing range of 360 months-life.

At sentencing, however, the court found that a "criminal history category [of VI] significantly overrepresent[ed] the significance" of Stratton's criminal history.  (Sentencing Tr. 78:9-15.)  Therefore, pursuant to *United States v. Shoupe*, 35 F.3d 835 (3d Cir. 1994), the court granted Stratton downward departures in both offense level and criminal history category.  The court departed downward to offense level 34 with a criminal history category of V, which yielded a sentencing range of 235-293 months.  (Sentencing Tr. 79:12-20.)  The court selected a term of imprisonment near the low end of that range: 240 months.  (*Id.* 80:20-81:1.)  As the court discussed with the government and defense counsel at oral argument, the court arrived at the 34-V combination as follows: (1) regarding offense level, the court gave defendant the benefit of slightly more than half the five-level difference between the non-career offender level of 32 and the career offender level of 37 and (2) regarding criminal history category, the court placed defendant between the non-career offender category of IV and the career offender category of VI. (Oral Argument Tr. 9:15-10:1, Aug. 14, 2008 (Doc. No. 126).)

In selecting the 240 months' sentence, the court considered many factors including, but not limited to: Stratton's youth at the time of his past crimes, the nature of his past crimes, his lack of repentance at the time of sentencing, and the fact that Stratton committed the instant offenses while on pretrial release for another offense.  (Sentencing Tr. 79:21-80:19.)  The underlying crack guidelines also served as a basis for Stratton's ultimate sentence, and the court

twice noted the severity of the crack guidelines when considering the appropriate sentence to impose.[2]  (*Id.* 79:21-80:3, 80:14-19.)

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706 to the Sentencing Guidelines, which, as further amended by Amendment 711, decreased by two levels the base offense level for defendants being sentenced for crack offenses.  *See United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706).  Amendment 706 was made retroactive pursuant to Amendment 713, which became effective on March 3, 2008.  U.S.S.G. Supp. to App'x C, Amend. 713.

Pursuant to § 3582(c)(2), Stratton filed the present motion seeking a reduction of sentence under Amendment 706.  Stratton initially proceeded pro se, but counsel was later appointed for him.  Defense counsel has zealously and extensively argued that, in considering a reduction of Stratton's sentence, the court is not bound by the two-level reduction from Amendment 706.  Rather, defense counsel argues that the Guidelines are now only advisory in light of *Booker* and not mandatory as they were at the time of the imposition of defendant's original sentence.  The government opposes this proposition and argues that *Booker* does not apply in the present context.  Moreover, the government argues that Stratton is not eligible for any relief under § 3582(c)(2) because his sentence involved the career offender guideline, which has not been retroactively amended.

Stratton urges the court, in considering the amount of reduction warranted, to give

---

[2] The court specifically recognized "that the guidelines for crack which result in the 32 offense level in substantial part are obviously very high compared to the guidelines for cocaine." (*Id.* 80:1-3.)  In selecting Stratton's original sentence within the guideline range determined after the *Shoupe* departure, the court also noted being "guided perhaps substantially by the fact that the guidelines for crack are so high."  (*Id.* 80:14-16.)

particular attention to two considerations: (1) the "over-punishment of the crack guidelines" (Oral Argument Tr. 16:20-22) and (2) defendant's "adjustment to incarceration and the progress he's made in his life towards making himself a better person and making himself a more productive member of society," (*id.* 19:13-17).[3]

## II.   Discussion

The court holds that defendant is eligible for a sentencing reduction under § 3582(c)(2). The court also holds that *Booker* and its progeny do not apply to a § 3582(c)(2) sentencing modification after the granting of a motion related to a pre-*Booker* sentencing.  As before *Booker*, the court remains bound by the limitations that the Sentencing Commission, as authorized by Congress, has imposed on the modification of sentences imposed prior to *Booker*. Therefore, in the context of this § 3582(c)(2) motion, the court may not vary from the amended Guidelines range under § 3553(a) as *Booker* now authorizes for current sentencing proceedings.

### A.      Statutory Basis for Sentence Modification

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2006).  However, Congress has empowered the courts to modify already-imposed sentences in limited circumstances, including:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

---

[3] Specifically, defendant asks the court to consider classes he has taken, jobs he has held, and prison reviews/progress reports.  (Oral Argument Tr. 19:19-20:6.)

*Id.* § 3582(c)(2) (emphasis added).[4]  The Sentencing Commission has expressed its policy

statement regarding sentence reduction pursuant to § 3582(c)(2) in U.S.S.G. § 1B1.10.

Subsection (c) of § 1B1.10 sets out the "covered amendments" to the Guidelines that, pursuant to

§ 3582(c)(2), may be retroactively applied to reduce already-imposed sentences.  *See* U.S.S.G. §

1B1.10(a)(2) (explaining that "reduction in the defendant's term of imprisonment is not

consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2)

if . . . [n]one of the amendments listed in subsection (c) is applicable to the defendant . . .").

Thus, for the retroactive application of a Guidelines amendment to be consistent with the

Sentencing Commission's policy statement, the amendment must be listed in § 1B1.10(c).[5]

>    The policy statement also provides:
>
>    In determining whether, and to what extent, a reduction in the defendant's term of
>    imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the
>    court shall determine the amended guideline range that would have been applicable
>    to the defendant if the amendment(s) to the guidelines listed in subsection (c) had
>    been in effect at the time the defendant was sentenced.   In making such
>    determination, *the court shall substitute only the amendments listed in subsection (c)
>    for the corresponding guideline provisions that were applied when the defendant was
>    sentenced and shall leave all other guideline application decisions unaffected.*

§ 1B1.10(b)(1) (emphasis added).  Furthermore, § 1B1.10 states that § 3582(c)(2) proceedings

"do not constitute a full resentencing of the defendant," § 1B1.10(a)(3), and that in considering a

---

[4] 18 U.S.C. § 3553(a), which § 3582(c)(2) specifically references, lists factors for
consideration in the imposition of a sentence.  One such factor, codified in § 3553(a)(4), directs
courts to consider the Federal Sentencing Guidelines.

[5] The statutory basis for retroactive sentencing reductions is further codified in 28 U.S.C.
§ 944(u), which states:

>    If the Commission reduces the term of imprisonment recommended in the guidelines
>    applicable to a particular offense or category of offenses, it shall specify in what
>    circumstances and by what amount the sentences of prisoners serving terms of
>    imprisonment for the offense may be reduced.

§ 3582(c)(2) motion "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement *to a term that is less than the minimum of the amended guideline range*," § 1B1.10(b)(2)(A) (emphasis added).[6]

Consequently, § 3582(c)(2) empowers courts, in their discretion, to retroactively apply those amendments listed in § 1B1.10(c). As the Third Circuit explained in *United States v. Wise*, *Booker* did not eliminate the requirement that an amendment to the Guidelines must be listed in § 1B1.10(c) before it may properly be the subject of a § 3582(c)(2) motion. 515 F.3d 207, 221 n. 11 (3d Cir. 2008). Essentially, the inclusion of a Guidelines amendment in § 1B1.10(c) acts as, for want of a better term, a jurisdictional trigger,[7] empowering a court to consider a sentencing modification under § 3582(c)(2). Once an amendment is listed in § 1B1.10(c), a court may then exercise discretion when determining what sentencing modification (if any) to make. In doing so, as discussed further below, any reduction must be consistent with the Sentencing

---

[6] There is one exception to the rule in § 1B1.10(b)(2)(A). Section 1B1.10(b)(2)(B) provides:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

This narrow exception does not authorize the court, in Stratton's case, to reduce defendant's offense level by more than the two-level reduction of Amendment 706.

[7] Courts have varied in the legal characterization of § 3582(c)(2). *United States v. Ragland*, 568 F. Supp. 2d 19, 21 (D.D.C. 2008). The Third Circuit has referred to § 3582(c)(2) as jurisdictional. *United States v. Edwards*, 309 F.3d 110, 112 (3d Cir. 2002). The Second Circuit also discussed § 3582(c)(2) in jurisdictional terms in *U.S. v. Regalado*, 518 F.3d 143, 150-51 (2d Cir. 2008). The D.C. Circuit, however, has questioned whether § 3582(c)(2) might be better characterized as a "claim-processing rule." *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006).

Commission's applicable policy statements.

**B.     Eligibility for Sentencing Reduction under Amendment 706**

Under the terms of § 3582(c)(2), a district court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission."  (emphasis added).  The "based on" language is critical: motions for reduction of sentence pursuant to Amendment 706 often turn on whether the defendant was actually sentenced "based on" U.S.S.G. § 2D1.1.  Defendants who committed crack-based offenses but who were sentenced as career offenders solely under U.S.S.G. § 4B1.1 and not under the crack guidelines are not eligible for sentencing reductions following Amendment 706 because their sentences were not "based on" a guideline that Amendment 706 amended.  *See, e.g.*, *United States v. Squire*, No. 97-461, 2008 WL 4694915, at *3-*4 (E.D. Pa. Oct. 23, 2008) (holding that the defendant was not entitled to a sentencing reduction following Amendment 706 because his "sentence was based solely on the career offender guideline range, with a downward departure only because of his extraordinary physical impairment"); *United States v. Perdue*, No. 1:99-cr-00334, 2008 WL 4404278, at *3 (N.D. Ohio Sept. 23, 2008) (acknowledging that "[a] number of courts have reached the conclusion that Amendment 706 does not apply where the defendant's sentence is actually determined by his status as a career offender"); *United States v. Biami*, 548 F. Supp. 2d 661, 664 (E.D. Wisc. 2008) (not reducing the defendant's sentence where the judge "did not depart [from the career offender range] based on an overstatement in defendant's criminal history category . . . or any other basis," but instead "adopted the career offender guideline range and imposed sentence based on such range"); *United States v. Rivera*, 535 F. Supp. 2d 527, 529 (E.D. Pa. 2008) (holding that the

defendant, who was sentenced as a career offender, "is not eligible for a reduction under Amendment 706 because the Guidelines range applicable to him remains unchanged").

Nevertheless, the potential applicability of career offender status to a defendant does not necessarily foreclose the defendant's eligibility for a § 3582(c)(2) reduction under Amendment 706 because such a defendant may actually have been sentenced, in whole or in part, based on the crack guidelines.  In *United States v. Poindexter*, for example, the original sentencing judge concluded that the guideline range applicable to a career offender overrepresented the seriousness of the defendant's criminal history.  The judge therefore looked to U.S.S.G. § 2D1.1 for guidance as to the appropriate sentence.  550 F. Supp. 2d 578, 580-81 (E.D. Pa. 2008).  At the *Poindexter* defendant's original sentencing, the sentencing judge therefore "reduced [the defendant's] offense level to that which he would have faced absent the career offender designation."  *Id.* at 581.  The *Poindexter* court held that the defendant's sentence was, therefore, "based on" § 2D1.1 and so could be reduced pursuant to § 3582(c)(2).  *Id.* at 582; *see also United States v. Nigatu*, No. 00-18, 2008 WL 926561 (D. Minn. April 07, 2008) (granting § 3582(c)(2) motion for defendant where, at original sentencing, the court found that the career offender guideline overstated defendant's criminal history and instead sentenced defendant under the crack guidelines).

The *Poindexter* court confirmed that a sentence is not "based on" U.S.S.G. § 2D1.1 if that guideline range did not "play a role in [the judge's] guideline calculation," *Poindexter*, 550 F. Supp. 2d at 581 (quoting *United States v. Gutierrez*, No. 02-27, 2008 WL 927564, at *2 (D. Conn. April 4, 2008)).  Conversely, if § 2D1.1 did play a role in sentencing, a sentence would be "based on" § 2D1.1.  *See id.* at 580-82.  The court must, therefore, determine whether Stratton's

9

sentence was "based on" § 2D1.1, given the court's consideration of § 2D1.1 at sentencing.  For

reasons discussed below, the court concludes that Stratton's sentence was "based on" § 2D1.1

within the meaning of § 3582(c)(2), despite his eligibility for career offender status.  Thus,

Stratton is eligible for a sentence reduction pursuant to § 3582(c)(2) and Amendment 706.

### C.      Application of § 3582(c)(2) to the Instant Case

Pursuant to *Shoupe*, at Stratton's original sentencing the court departed from the career

offender guideline both as to offense level and criminal history category.[8]  (Sentencing Tr. 79:12-

20; Oral Argument Tr. 9:15-10:15.)  As explained above, in determining how extensive a

departure to grant under *Shoupe*, the court looked to what Stratton's sentence would have been,

absent the career offender guideline.  Given the court's reliance on the non-career offender

guideline, the court concludes that Stratton's sentence was obviously and without doubt based, in

part, on § 2D1.1.[9]  Indeed, at the original sentencing I specifically expressed that I was basing the

defendant's sentence in part on his § 2D1.1 calculation.  (Sentencing Tr. 79:21-80:3, 80:14-19.)

The government argues that Stratton's sentence was not "based on" § 2D1.1 because

Stratton qualified as a career offender under § 4B1.1.  (Oral Argument 11:7-15:18.)  In so

arguing, the government apparently assumes that a sentence may have only one basis.  The court

---

[8] The Third Circuit has held that a sentencing court granting a downward departure from
the career offender guidelines under U.S.S.G. § 4A1.3 (a *Shoupe* departure) may depart
downward as to both base offense level and criminal history category.  *Shoupe*, 35 F.3d at 835,
839.

[9] Technically, the non-career offender guideline applicable to Stratton was § 2D1.2(a)(1),
which is the guideline for drug offenses occurring near protected locations (*e.g.*, the school in
this case).  Explicitly by its own terms, however, § 2D1.2(a)(1) is based on § 2D1.1.  Section
2D1.2(a)(1) directs the court to add two to the offense level from § 2D1.1.  Therefore, the court
is without doubt that sentences based on § 2D1.2(a)(1) are, by necessity, also based on § 2D1.1.

rejects this argument based on the plain language of § 3582(c)(2).  Nothing in the statute mandates that a sentence may have only one basis.  In the absence of a statutory definition for "based on," the court will read the term in light of its ordinary meaning.  *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 171 F.3d 818, 822 (3d Cir. 1999) ("In the absence of a specific statutory definition, the language of the statute should be given its ordinary meaning and construed in a common sense manner to accomplish the legislative purpose.") (internal quotation and citation omitted).  Webster's Dictionary provides myriad definitions for "basis," including "the bottom of anything considered as a foundation for the parts above" and "fundamental ingredient."  Similarly, Webster's defines the verb form of "base" in numerous ways including "to make or form a foundation for" and "to serve as a base for."  *Webster's Third New International Dictionary*, 180, 182 (1981).  Reading the statute under these ordinary definitions suggests (and certainly does not preclude) that a sentence may have multiple bases.

As explained above, the court looked to and articulated its reliance on § 2D1.1 when determining Stratton's original sentence.  Under ordinary definitions, Stratton's sentence was "based on" § 2D1.1.  Additionally, the court is further convinced that Stratton's sentence was based on § 2D1.1 because if, at the time of Stratton's original sentencing, the Guidelines had been as they now are following Amendment 706, the court would have imposed a different (and lower) sentence on Stratton.  In the language of the Sentencing Commission's policy statement, "substitut[ing] only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced" and "leav[ing] all other guideline application decisions unaffected," § 1B1.10(b)(1), the court concludes that it would have imposed a lower sentence on Stratton, had Amendment 706 been a part of the Guidelines at

11

the time Stratton was sentenced.  In sum, similar to the defendant in *Poindexter*, Stratton's sentence was "based on" § 2D1.1 within the meaning of § 3582(c)(2) (*see* Oral Argument Tr. 10:1:6), so the court may reduce Stratton's term of imprisonment pursuant to his present motion. § 3582(c)(2).

Stratton has raised two particular issues for the court to consider in its discretion: (1) the "over-punishment of the crack guidelines" (Oral Argument Tr. 16:20-22) and (2) defendant's "adjustment to incarceration and the progress he's made in his life towards making himself a better person and making himself a more productive member of society" (*Id.* 19:13-17).

As to the first issue and as discussed below, the court concludes that it may not vary (*i.e.*, impose an out-of-guideline sentence pursuant to *Booker*) below the amended Guidelines range in this § 3582(c)(2) proceeding, although it may again consider a *Shoupe* guideline-authorized departure, as it did in the original sentencing, consistent with the amended Guidelines range.  As to the second issue, Application Note 1(B)(iii) to § 1B1.10 states:

> The court may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment in determining: (I) [w]hether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction, but *only within the limits described in subsection (b)*.

(emphasis added).  Thus, the Guidelines endorse consideration of post-sentencing conduct in § 3582(c)(2) proceedings, but only within the limits of the relevant amended guideline.

**D.     *Booker* Does not Affect the Present § 3582(c)(2) Motion**

Stratton argues that *Booker* empowers the court to vary below the amount of reduction authorized by Amendment 706.  The court, however, concludes that *Booker* does not authorize such variances in this § 3582(c)(2) proceeding.

12

1.      *Booker*

Two majority opinions comprise the holdings of *Booker*.  First, in an opinion by Justice

Stevens, the Court reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000),

and applied it to the context of the Sentencing Guidelines, holding that:

> Any fact (other than a prior conviction) which is necessary to support a sentence
> exceeding the maximum authorized by the facts established by a plea of guilty or a
> jury verdict must be admitted by the defendant or proved to a jury beyond a
> reasonable doubt.

*Booker*, 543 U.S. at 244 (the "constitutional holding").  To sentence otherwise—e.g., to enhance

a sentence based on facts found by a judge under a preponderance of the evidence

standard—would violate the Sixth Amendment.  *Id.* at 232, 243-44.  Under the then-mandatory

Federal Sentencing Guidelines, judges were required, subject to limited exceptions, to impose

sentences that, in some cases, included enhancements in violation of *Apprendi* and its progeny.

Thus, at least in some cases, application of the Guidelines violated the Sixth Amendment.

Having determined that a constitutional violation existed in *Booker*, the Court then

needed to fashion a remedy.  In the majority remedial opinion by Justice Breyer, the Court stated:

> Congress, had it been faced with the constitutional jury trial requirement, likely
> would not have passed the same Sentencing Act. It likely would have found the
> requirement incompatible with the Act as written. Hence the Act cannot remain
> valid in its entirety. Severance and excision are necessary.

*Id.* at 258.  The Court severed and excised two statutory provisions: 18 U.S.C. § 3553(b)(1) ("the

provision that require[d] sentencing courts to impose a sentence within the applicable Guidelines

range (in the absence of circumstances that justif[ied] a departure)") and 18 U.S.C. § 3742(e)

("the provision that set[] forth standards of review on appeal, including *de novo* review of

departures from the applicable Guidelines range").  *Id.* at 259 (the "remedial holding").  These

13

excisions rendered the Guidelines advisory.  Following *Booker*, although the Guidelines are no longer mandatory under § 3553(b)(1), sentencing judges are to consider the Guidelines among all of the other factors listed in § 3553(a).  *See Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007) (stating "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining the appropriate sentence").  *Booker*, however, is not retroactive.  *See Booker*, 543 U.S. at 268 (stating that the Court's holdings apply "to all cases on direct review" but not extending the reach of the holdings to cases in which sentences were already final); *Lloyd v. United States*, 407 F.3d 608, 614-16 (3d Cir. 2005) (holding that *Booker* does not apply retroactively to cases on collateral review).

Presently, I must determine whether *Booker* authorizes a court to vary from the Guidelines in a § 3582(c)(2) proceeding related to a pre-*Booker* sentencing.  In other words, the issue is whether, when considering how great of a reduction to grant, the court is limited by the range of the retroactively amended Guidelines or whether the court may reduce a movant's sentence to below that which would result from a mechanical (so to speak) application of the amended Guidelines.  This issue recently generated a split between the Fourth, Eighth, Tenth, and Eleventh Circuits and the Ninth Circuit.  The Third Circuit addressed the issue in a non-precedential opinion.  After reviewing the applicable statutes, the relevant guidelines, and relevant case law, the court concludes that *Booker* does not authorize the court to vary from the amended Guidelines range in this § 3582(c)(2) sentencing modification proceeding involving an original sentence imposed prior to *Booker*.

### 2.    Statutory Analysis

Statutory analysis persuades the court that *Booker* does not apply to this § 3582(c)(2)

14

proceeding.  As mentioned, the *Booker* remedial opinion severed and excised two statutory

provisions: §§ 3553(b)(1) and 3742(e).  *Booker* did not sever, excise, or otherwise discuss §

3582(c)(2).  Whereas § 3553(b)(1), prior to its excision, controlled " [a]pplication of guidelines

in *imposing* a sentence" (emphasis added), § 3582(c) controls "*modification* of an imposed term

of imprisonment" (emphasis added).  Although not by itself dispositive, Congress's word choice

in titling these statutory provisions suggests that sentence *imposition*, which *Booker* affected, is

distinct from sentence *modification*.  Consistent with this distinction, the court notes that §

1B1.10(a)(3) states "proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not

constitute a full resentencing of the defendant."

   Moreover, independent of § 3553(b)(1), the amended Guidelines are mandatory in §

3582(c)(2) proceedings related to pre-*Booker* sentencings due to the Sentencing Commission's

policy statement.  If the Sentencing Commission "reduces the term of imprisonment

recommended in the guidelines applicable to a particular offense or category of offenses,"

Congress has directed the Commission to "specify in what circumstances and by what amount

the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  28

U.S.C. § 994(u).  In a complementary portion of § 3582(c)(2), Congress has empowered courts to

reduce a sentence following a retroactive Guidelines amendment "if such a reduction is

consistent with applicable policy statements issued by the Sentencing Commission."  §

3582(c)(2).  Congress thus preconditioned a court's power in § 3582(c)(2) proceedings on

consistency of those proceedings with the Sentencing Commission's policy statements.  As

quoted above, the § 1B1.10 policy statement explicitly prohibits a court from reducing an

imposed sentence "to a term that is less than the minimum of the amended guideline range."  §

15

1B1.10(b)(2)(A).  Thus, independent of § 3553(b)(1), the amended Guidelines are presently

binding on the court.  Accordingly, *Booker*'s excision of § 3553(b)(1) notwithstanding, the court

can not grant a *Booker* variance in this § 3582(c)(2) proceeding.

### 3. Relevant Case Law

The majority of appellate courts that have addressed this issue—including the Third

Circuit in a non-precedential opinion—have concluded that *Booker* does not apply to §

3582(c)(2) proceedings.  *Compare United States v. Starks*, No. 08-2590, 2009 WL 66115, at *2-

*3 (8th Cir. Jan. 13, 2009), *and United States v. Dunphy*, No. 08-6919, 2009 WL 19139, at *3

(4th Cir. Jan. 5, 2009), *and United States v. Fields*, No. 07-3759, 2008 WL 5195309, at *2 (3d

Cir. Dec. 12, 2008) (not precedential), *and United States v. Rhodes*, 549 F.3d 833, 839-41 (10th

Cir. 2008), *with United States v. Hicks*, 472 F.3d 1167, 1172-73 (9th Cir. 2007).  The district

courts within this district that have reached the issue have also held that *Booker* does not apply to

§ 3582(c)(2) proceedings.  *United States v. Freeman*, No. 00-692-01, 2008 WL 4878396, at *3

(E.D. Pa. Nov. 10, 2008); *United States v. Gentry*, No. 02-579, 2008 WL 4442948, at *2 (E.D.

Pa. Sept. 30, 2008).[10]

_____

[10] Additionally, two other recent opinions from this district have concluded that *Booker*
does not apply to § 3582(c)(2) proceedings—albeit in the context of issues distinct from that
which is presently before the court.  *United States v. McDowell*, No. 06-376, 2008 WL 5264878,
at *3 (E.D. Pa. Dec. 17, 2008) ("[W]hile the Guidelines themselves are advisory, Congress'
directive that sentences are final unless a reduction is consistent with the Guidelines policy
statements remain mandatory.  Thus, the directives of the Commission are still clearly binding on
this Court, notwithstanding *Booker*.") (citation omitted); *United States v. Marshall*, No. 03-254-
1, 2008 WL 4710748, at *3 (E.D. Pa. Oct. 24, 2008) ("Notably, the [*Booker*] Court did not
invalidate § 994(u), which authorized § 1B1.10, or § 3582(c)(2), which made it binding.")
(citation omitted); *see also United States v. Jackson*, No. 03-281-01, 2008 WL 5412825, at *2
(E.D. Pa. Dec. 29 2008) (stating that "when a district court hears a motion under § 3582, its
discretion is 'constrain[ed] to the retroactive amendment at issue . . .'" because a reduction
pursuant to § 3582 does not constitute a 'full resentencing.'  On that basis we will deny

Last month, in *United States v. Rhodes*, the Tenth Circuit concluded that *Booker* does not apply to § 3582(c)(2) proceedings. 549 F.3d 833 (10th Cir. 2008). The *Rhodes* court placed great weight on the point that current original sentencing proceedings (to which, of course, *Booker* applies) and sentencing reductions "are governed by different statutes: original proceedings are governed by 18 U.S.C. § 3553 (the statute that was partially excised in *Booker*), while sentence modification proceedings are governed by 18 U.S.C. § 3582(c)(2)." *Rhodes*, 549 F.3d at 840. Noting that *Booker* did not mention § 3582(c)(2), the *Rhodes* court concluded that *Booker* did not affect § 3582(c)(2) proceedings. *Id.* at 840-41. The *Rhodes* court then looked to the language of both § 3582(c)(2) and § 1B1.10, stating:

> Section 3582(c)(2) authorizes a district court to "reduce the term of imprisonment" only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements issued by the Sentencing Commission" are set forth in § 1B1.10 and provide, in pertinent part, that "proceedings under 18 U.S.C. 3582(c)(2) . . . do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), and that a district court, in determining whether, and to what extent, a reduction in sentence is warranted, "shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1). Thus, modification proceedings under § 3582(c)(2) are much more narrow in scope than original sentencing proceedings.

*Id.* at 840.[11]

---

application of *Booker* and *Kimbrough* on motions under § 3582(c)(2).") (citation omitted).

[11] The Tenth Circuit also supported its conclusion by explaining that "the Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings" because "a district court in a sentence modification proceeding is authorized only to reduce the originally imposed term of imprisonment, not increase it." *Rhodes*, 549 F.3d at 840. (internal quotation, citation, and alteration omitted). Having concluded that the Sixth Amendment issue that spawned *Booker*'s constitutional holding was not directly implicated in § 3582(c)(2) proceedings, the *Rhodes* court declined to apply *Booker*'s remedial holding. *Id*.
    The court hesitates to adopt this portion of the reasoning in *Rhodes* because the majority

In an even more recent decision, the Fourth Circuit sided with the *Rhodes* court. *United States v. Dunphy*, No. 08-6919, 2009 WL 19139 (4th Cir. Jan. 5, 2009). Like the *Rhodes* court, the *Dunphy* court focused on the language of § 3582(c)(2) and § 1B1.10. *Id.* at *2-*3. Quoting from the Guidelines policy statement, the *Dunphy* court emphasized that § 3582(c)(2) proceedings "'do not constitute a full resentencing of the defendant.'" *Id.* at *3 (quoting U.S.S.G. § 1B1.10(a)(3)). From that, as well as the language of §§ 3582 and 994(u), the *Dunphy* court reasoned that *Booker* does not apply to § 3582(c)(2) proceedings. "In providing that sentencing reductions must be consistent with applicable policy statements, § 3582(c)(2) thus creates a jurisdictional bar to reducing sentences below the range authorized by the Commission." *Id.* at*3.

In still more recent decisions, the Eighth and Eleventh Circuits sided with the Tenth and Fourth Circuits. *United States v. Starks*, No. 08-2590, 2009 WL 66115 (8th Cir. Jan. 13, 2009); *United States v. Melvin*, No. 08-13497, 2009 WL 236053 (11th Cir. Feb. 3, 2009). All of these courts followed similar reasoning.

As noted earlier, the Third Circuit has not addressed the present issue in any precedential

remedial opinion in *Booker* explicitly extends to sentencing scenarios in which the Sixth Amendment would not be violated. *Booker*, 543 U.S. at 265-67. *Booker* did not direct lower courts to undertake a two-step analysis—*i.e.*, that courts should (1) determine whether, in a given situation, the potential Sixth Amendment violation discussed in the constitutional holding has or will occur and (2) if so, only then apply the remedial holding. The Court did not condition application of the remedial holding in a given case on the existence of an actual constitutional violation in that case. *Id.* Rather, the Court crafted a uniform remedy to avoid "administrative complexities" that would develop if the remedial holding were applied only to the subset of cases that prompted the *Booker* constitutional holding.

Therefore, unlike the *Rhodes* court, I will not rely on the fact that § 3582(c)(2) proceedings do not implicate the Sixth Amendment concerns discussed in the *Booker* constitutional opinion.

opinion.  The Third Circuit did, however, reach a conclusion consistent with *Rhodes* in a recent

two-page, unpublished opinion.  *United States v. Fields*, No. 07-3759, 2008 WL 5195309 (3d

Cir. Dec. 12, 2008) (not precedential).  The *Fields* court noted that the Third Circuit has "held

that resentencings pursuant to § 3582(c)(2) are limited to applying the retroactive Guideline."  *Id.*

at *2.

        In contrast with *Rhodes*, *Dunphy*, and *Starks*, the Ninth Circuit held, in the first appellate

decision to address this issue, that *Booker* applied to § 3582(c)(2) proceedings.  *United States v.*

*Hicks*, 472 F.3d 1167, 1172-73 (9th Cir. 2007).  The *Hicks* court stated that "the clear language

of *Booker* makes the [retroactively amended Guidelines] range advisory."  *Id.* at 1170.

The *Hicks* court further stated: "Because a 'mandatory system is no longer an open choice,'

district courts are necessarily endowed with the discretion to depart from the Guidelines when

issuing new sentences under § 3582(c)(2)."  *Id.* (quoting *Booker*, 543 U.S. at 263) (internal

citation omitted).

        Regarding the nature of a § 3582(c)(2) proceeding as compared to a full resentencing, the

Ninth Circuit wrote:

>        While § 3582(c)(2) proceedings do not constitute full resentencings, their purpose *is*
> to give defendants a new sentence.  This resentencing, while limited in certain
> respects, still results in the judge calculating a new Guideline range, considering the
> § 3553(a) factors, and issuing a new sentence based on the Guidelines.  The
> dichotomy drawn by the government, where full re-sentencings are performed under
> an advisory system while "reduction proceedings," or "modifications," rely on a
> mandatory Guideline system, is false. As discussed above, Booker excised the
> statutes that made the Guidelines mandatory and rejected the argument that the
> Guidelines might remain mandatory in some cases but not in others. *Booker*, 543
> U.S. at 263-66.  Mandatory Guidelines no longer exist, in this context or any other.

*Hicks*, 472 F.3d at 1171-72 (emphasis in original).  The *Hicks* court also addressed §

3582(c)(2)'s requirement that reductions be "consistent with applicable policy statements issued

by the Sentencing Commission."  The *Hicks* court held that "under *Booker*, to the extent that the

policy statements would have the effect of making the Guidelines mandatory (even in the

restricted context of § 3582(c)(2)), they must be void."  *Id.* at 1172.

 Contrary to the *Hicks* court's broad application of *Booker*, *Booker* dealt with the

*imposition* of sentences.  Its remedial holding did not reach the *modification* of sentences under

the narrow procedure of § 3582(c)(2) and the Sentencing Commission's corresponding policy

statement.  Even after *Booker*'s severance and excision of § 3553(b)(1), the Guidelines are

mandatory in § 3582(c)(2) proceedings related to original sentences that were imposed pre-

*Booker*.  Variance from an amended guideline range in this situation would be inconsistent with

the Commission's policy statement and would, in turn, not be authorized by § 3582(c)(2).

 For the above reasons, the court concludes that *Booker* does not apply to this § 3582(c)(2)

proceeding.

## III. Conclusion

 After analyzing the applicable statutes, the Guidelines, and relevant case law, the court

concludes that: (1) Stratton is eligible for a sentencing reduction and (2) *Booker* does not apply to

this § 3582(c)(2) proceeding.  The Sentencing Guidelines remain binding on courts in this §

3582(c)(2) proceeding because *Booker* did not eliminate the statutory provision pursuant to

which the Sentencing Commission has established a policy that courts may not vary from

amended guideline ranges.  The parties are instructed to inform the court in writing within ten

days whether they wish to have argument or an evidentiary hearing concerning the precise

amount of reduction warranted or whether they consent to the court making such determination

on the basis of the record.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL |
| | : | |
| ALLEN S. STRATTON, | : | NO. 99-326 |
| Defendant. | : | |
| | : | |

**Order**

AND NOW, this 26th day of February 2009, upon consideration of defendant's motion for modification or reduction of an imposed term of imprisonment (Doc. No. 114), the government's response, defendant's supplemental memorandum of law, the government's supplemental response, defendant's reply thereto, defendant's second supplemental memorandum of law, and the government's response **IT IS HEREBY ORDERED** that the motion is **GRANTED**, and the government and the defendant shall notify the court in writing within ten (10) days whether they wish to have argument or an evidentiary hearing concerning the precise amount of reduction warranted or whether they consent to the court making such a determination on the basis of the record.

s/ William H. Yohn Jr., Judge
William H. Yohn Jr., Judge